UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT FERNANDEZ,                          )
                                           )
      Plaintiff,                          )
                                           )
v.                                         )          Case No.
                                           )
ST. LOUIS COUNTY, MISSOURI,                )          **JURY TRIAL DEMANDED**
                                           )          **ON CLAIMS FOR DAMAGES**
      Defendant.                          )

**<u>Complaint:</u>**
**<u>Declaratory Relief, Preliminary and Permanent Injunction, and *Monell* Damages</u>**
**<u>St. Louis County Solicitation and Vagrancy Ordinances</u>**

Plaintiff Robert Fernandez, by counsel Hugh A. Eastwood and W. Bevis Schock, states for his Complaint:

1. **Introduction.**  Plaintiff Robert Fernandez is a poor, homeless, unemployed single man. He begs on certain medians in St. Louis County, Missouri near major intersections. Since October 2017, County police have cited Fernandez 39 times for solicitation and vagrancy-related municipal ordinance violations.  Three under three sections of the St. Louis County Code: Chapter 804, which regulates and licenses who may solicit for financial assistance and where; Section 1209.090, which prohibits pedestrians from soliciting for certain purposes in the roadway; and Sections 716.080 and 716.090, which prohibit vagrancy.  He brings as applied and facial challenges to those ordinances.

2. **Parties.**  Plaintiff Robert Fernandez is a poor, unemployed, single homeless man residing within the limits of Defendant St. Louis County, Missouri.  Although he begs for financial assistance for himself and his disabled female companion Skye Herron, he is not affiliated with, nor does he beg on behalf of, any nonprofit organization registered with the State of Missouri or St. Louis County.

3.      At all relevant times, Defendant St. Louis County, Missouri is and was a properly formed first-class county and subdivision of the State of Missouri.

4.      **Cause of Action, Jurisdiction, and Venue.**  This action is brought pursuant to 42 U.S.C § 1983 to redress the deprivation of rights secured by the First and Fourteenth Amendments to the United States Constitution.

5.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 2201.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Fernandez resides (to the extent a homeless person "resides" at a location, in any event Fernandez lives and carries on the affairs of his life) within St. Louis County, Missouri, which is within the Eastern Division of the Eastern District of Missouri; all relevant events occurred within St. Louis County, Missouri; and the Defendant is St. Louis County, Missouri.

7.      Declaratory relief is authorized by F. R. Civ. P. 57 and 28 U.S.C. § 2201.

8.      Injunctive relief is authorized by F. R. Civ. P. 65.

9.      Plaintiff is not asking the Court to grant an injunction to stay any state court proceeding under 28 U.S.C. § 2283.

10.     **Color of State Law.** At all times Defendant St. Louis County, Missouri as a county, and through its agents, employees, officers, and representatives, acted under color of state law.  Particularly, at all relevant times the St. Louis County Police and the St. Louis County Counselor have been and are acting under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

11.     **Jury Demand.**  Plaintiff demands a jury trial on his damages for his *Monell* claims and his state law claim.

12. **County Code Chapter 804.** Chapter 804 of the St. Louis County Code of Ordinances (the "Code") is titled "Peddlers and Solicitors Code," and was passed by the St. Louis County Council through four enabling ordinances: Ord. No. 6201 passed 2-14-1972; Ord. No. 13091 passed 2-13-1987; Ord. No. 14722 passed 12-1-89; and Ord. No. 21507 passed 8-19-03.   For ease of reading and completeness, a copy of the Chapter 804 and its Schedule I from where the Code is published on the County website is attached as Exhibit 1 and is incorporated herein by reference.  F. R. Civ. P. 10(c).  1. (See generally List of Exhibits attached to this Complaint.)  For the sake of completeness, certified copies of the four enabling ordinances are attached as Exhibits 2 through 5 respectively and incorporated herein by reference.  *Id.*

13. Schedule I to Chapter 804, which for ease of reading and completeness is incorporated in Exhibit 1, designates intersections within the County for restricted solicitation in accordance with Section 804.165.  Exhibit 6 through 19 are certified copies of the fourteen enabling ordinances for Schedule I and are incorporated herein by reference.  F. R. Civ. P. 10(c).

14. The current version of the form used by the County for applications for a Solicitor license is available on the St. Louis County website at:

https://www.stlouisco.com/Your-Government/Revenue/Licensing-Division/Peddlers-Solicitor-Code

(last accessed May 21, 2019)

A printed copy of the website is attached as Exhibit 20 and is incorporated herein by reference.  F. R. Civ. P. 10(c).

15. The fee for a Solicitor license is currently $13.00, according to the County website.

16.    The County website further states that "Licenses are valid for six (6) months from the date of issuance, and cannot be renewed. If another license is desired, the licensing process must be repeated."

17.    An applicant for a Solicitor license must undergo a separate background check by the St. Louis County Police.  As of the date of the filing of this Complaint, the fee for a background check is $4.50 for a background check as to St. Louis County only, and $4.50 for a background check as to St. Louis City only.  The total cost for a City and County Record Check is $9.00.  *See* St. Louis County Police website at:

https://www.stlouiscountypolice.com/Citizen-Resources/Background-Checks

(last accessed May 21, 2019)

A printed copy of the website is attached as Exhibit 21 and is incorporated herein by reference.  F. R. Civ. P. 10(c).

18.    The current application form is a one-page document available for download in PDF format from the County website at:

https://www.stlouisco.com/Portals/8/docs/document%20library/revenue/lic/apps/PEDDL
ER_SOLICITOR_VENDOR_8.15.16.pdf

(last accessed May 21, 2019)

A printed copy of the website is attached as Exhibit 22 and is incorporated herein by reference.  F. R. Civ. P. 10(c).

19.    Fernandez has been charged 21 times since October 2017 for violating Section 804.050 within unincorporated County.  The penalty for each such violation is a fine between $10.00 and $100.00, or up to thirty days in the County jail, or both.  Section 804.260.

20. **County Prohibition on Pedestrians Soliciting Rides or Business Opportunity.**  Code

Section 1209.090 - Pedestrians Soliciting Rides or Business, states in Subsection 1:

> No person shall stand in a roadway for the purpose of soliciting a ride,
> employment, charitable contribution or business from the occupant of any vehicle.
>
> (Ord. No. 12347, 11-22-85)

The word "roadway" is defined in Section 1202.010.28 as:

> Roadway: That portion of a road intended for use by the general traveling public,
> typically delineated by curbs, edge lines, or the edge of pavement.
>
> (O. No. 26424, 5-24-16)

The word "median" is not defined by the Traffic Code in Title XII.

The word "sidewalk" is defined in Section 1202.010.31 as:

> Sidewalk: A paved area separate from the highway or roadway intended for use
> by pedestrians.
>
> (O. No. 26424, 5-24-16)

Section 1215.010 states that a violation of Section 1209.090 is punishable by

imprisonment in the County Jail not exceeding one year, or by a fine not exceeding one

thousand dollars ($1,000.00), or by both such fine and imprisonment.

> (O. No. 12347, 11-22-85)

For ease of reading and completeness, a copy of the roadway solicitation prohibition, the

definition, and the penalties from the County website is attached as Exhibit 23, and is

incorporated herein by reference.  F. R. Civ. P. 10(c).  Certified copies of the enabling

Ordinances are attached as Exhibits 24 and 25.  *Id.*

21.     As detailed below, in connection with his begging, Fernandez has been charged ten times since October 2017 for alleged speech and conduct in violation of Section 1209.090(1).

22.     **County Vagrancy Prohibition.** Code Sections 716.080 and 716.090 prohibit vagrancy in unincorporated portions of the County[1], such as where Fernandez usually begs from a median at the northbound I-55 exit to northbound S. Lindbergh Blvd. (O. No. 3729, 10-28-65.) The penalties for a violation are a fine of not more than one thousand dollars ($1,000.00) or imprisonment in the St. Louis County Jail for not more than one year, or both. Section 716.180 (O. No. 3729, 10-28-65.)

For ease of reading and completeness, a copy of the vagrancy prohibition and penalties sections of Chapter 716 from the County website is attached as Exhibit 26, and is incorporated herein by reference. F. R. Civ. P. 10(c).). A certified copy of the enabling Ordinance is attached as Exhibit 27. *Id.*

23.     As detailed below, in connection with his begging, Fernandez has been charged eight times since October 2017 for alleged speech and conduct violating Sections 716.080 and 716.090.

24.     **Facts.** Fernandez is a poor, homeless, unemployed, single man. *See generally* Exhibit 37 (Affidavit of Plaintiff Robert Fernandez), incorporated herein by reference. Fed. R. Civ. P. 10(c).

25.     Fernandez lacks a permanent residence, although he does carry a valid Missouri driver license that describes his address as 3800 South Broadway, St. Louis, MO 63118.

---

[1] *See* Code Section 716.020 ("Scope. —The provisions of Sections 716.040 through 716.180 shall apply to the area of St. Louis County outside incorporated cities, towns and villages. (O. No. 3729, 10-28-65)).

That is the location of a treatment shelter where Fernandez has stayed in the past. Fernandez has no State agency licensure other than his valid Missouri driver's license.

26.   Other than his Solicitor license (described below) and his Missouri driver's license, Fernandez's only possessions are his clothes, his backpack, a cellphone and a small handheld sign (described below).

27.   Fernandez spends parts of his days and all of his nights with a female companion, Skye Herron.  Ms. Herron is disabled and depends on Fernandez for life assistance.

28.   Fernandez does not receive food stamps or welfare, but he is enrolled in Gateway Health, a temporary health care program for uninsured adults in St. Louis City and County.

29.   Ms. Herron receives food stamps and Medicaid.

30.   In order to obtain money for his and Ms. Herron's basic essentials, Fernandez begs for financial assistance—that is, for cash donations—from the drivers of vehicles stopped at red lights.  Fernandez stands on the sidewalk ior median next to various intersections in St. Louis County, usually at the northbound exit from Interstate 55 to northbound S. Lindbergh Blvd.

31.   Fernandez's method of communication is to carry a small cardboard sign that reads:

Homeless
Anything Helps
God [cross] Bless

32.   By communicating his homelessness, asking for financial assistance, and inviting the blessing of God, the content of Fernandez's message communicates subjects of public concern to members of the public in an archetypal traditional public form, that is, a traffic median.

33.   Fernandez only begs from cars when they are stopped at a red light and he can communicate with a driver.

7

34.   When begging, Fernandez is always careful as to his own safety and the safety of motorists.

35.   When begging, Fernandez does not impede traffic.

36.   Fernandez does not distribute any items of any kind to anyone, and particularly he does not distribute literature to drivers of stopped vehicles.

37.   Fernandez begs passively—that is, other than smiling, he carries his sign and only approaches motorists who indicate they will give him something.

38.   Fernandez is aware that the St. Louis County "Peddlers and Solicitor's Code," codified at Sections 804.010 through 804.260, requires a person who wishes to solicit for cash to obtain a Solicitor license through a notarized application to the County Department of Revenue, Division of Licenses.  Sections 804.030(1) and 804.040.

39.   Fernandez has on two occasions applied at the Division for a Solicitor license and has obtained the following licenses:

a.      License no. 3371, expired April 16, 2019, and

b.      License no. 3483, expiring September 29, 2019.

*See* Exhibit 28 (Solicitor licenses), incorporated herein by reference.  F. R. Civ. P. 10(c).

40.   Each application process took two to three weeks, on inference because Fernandez has a Suspended Imposition of Sentence (probation) on a County municipal ordinance violation for stealing DVDs from a Borders bookstore.

41.   In that case Fernandez successfully completed his probation without further incident.

42.   If the holder of a valid Solicitor license wishes to solicit at certain "designated intersections", as listed in Schedule I, then Section 804.165.3 requires that person to present to the Division an application for specific authorization for a desired specific

8

location and date, and to have that application approved.  The application for specific authorization must be made during the period 90 days to 7 days in advance of the desired date.  Section 804.165.3.

43.   When Fernandez obtained his second Solicitor license no. 3483, he also obtained with that license authorization for solicitation at certain Schedule I intersections on three days:

    a.   On April 5, 2019, authorization to solicit at the intersections of

        i.   Interstate 55 and S. Lindbergh Blvd.,

        ii.   Baptist Church Road and S. Lindbergh Blvd., and

        iii.   Lemay Ferry and South County Center Way;

    b.   On each of April 12 and 13, 2019, authorization to solicit at the intersections of

        i.   Interstate 55 and S. Lindbergh Blvd.,

        ii.   Interstate 55 and Reavis Barracks, and

        iii.   Telegraph Road and Wal Mart.

44.   Fernandez's preferred location for soliciting is from the median where the northbound exit from Interstate 55 splits traffic to northbound S. Lindbergh Blvd.

45.   Photographs of Fernandez soliciting at that location are attached as Exhibits 32 and 33, and are incorporated herein by reference.  F. R. Civ. P. 10(c).  A photograph of that area generally is attached as Exhibit 34.  *Id.*

46.   Two Google Maps of this location at various levels of zoom are attached as Exhibits 35 and 36, and incorporated herein by reference.  F. R. Civ. P. 10(c).

47.   Fernandez solicits at this location on an almost daily basis.  He is further aware that even if he did obtain advance approval, that Section 804.165.1 limits begging at such a location to three days per year.

48.     Between October 31, 2017, and May 9, 2019, Fernandez has been issued 39 citations by the St. Louis County Police for Code violations related to his solicitation or vagrancy. *See* Exhibit 29 (record of 39 citations), incorporated herein by reference.  F. R. Civ. P. 10(c).

49.     Ten of the citations are for "Pedestrian Soliciting Contributions, Employment or Business from Vehicles."  County Code Section 1209.090.

50.     Eight of the citations are for Vagrancy.  County Code Sections 716.080 and 716.090.

51.     Twenty-one of the citations are for soliciting without a license.  County Code Section 804.050.

52.     In the past, on approximately three occasions when Fernandez received the above citations, he has been arrested for soliciting without a valid Solicitor license, taken down to a County police station for processing, and then released on his own recognizance.

53.     On one occasion only, after his arrests, Fernandez applied to solicit at this I-55/S. Lindbergh Blvd. intersection on a particular day.  He was approved and was issued an identification card. He did not receive a citation that day and was not otherwise approached by the County Police.

54.     By way of example, four recent citations Fernandez received are for soliciting without a license at northbound exit ramp of I-55 as it runs into S. Lindbergh Blvd.  The details are as follows:

      a.     At approximately 12:20 p.m. on March 23, 2019 Fernandez was cited by St. Louis County Police Officer Rehagen, Badge 04187, for solicitation without a valid Solicitor license, pursuant to St. Louis County Code Section 804.050, ticket no.

180575635.  Fernandez had his Solicitor license with him and produced it to the officer.

b.     At approximately 11:39 a.m. on March 24, 2019, the next day, Fernandez was cited by the same officer for the same offense, ticket no. 180575694.  Again, Fernandez had his Solicitor license with him and produced it to the officer.

c.     At approximately 10:30 a.m. on March 31, 2019, a week later, Fernandez was cited by St. Louis County Police Officer Scholbe, Badge 04279, for the same offense, ticket no. 180576359.  Again Fernandez had his Solicitor license with him and produced it to the officer.

d.     At approximately 12:06 p.m. on April 29, 2019, Fernandez was cited by St. Louis County Police Officer Igleheart, Badge 03964, for the same offense, ticket no. 180579919.  Again Fernandez had his Solicitor license with him and produced it to the officer.

55.    None of Fernandez's citations has gone to warrant, and Fernandez has almost always appeared for municipal court dates.

56.    During the time when St. Louis County was prosecuting Fernandez on 38 citations in St. Louis County southern division municipal court, he retained undersigned counsel.

57.    On Thursday, May 9, 2019 a St. Louis County Counselor entered a dismissal/*nolle prosequi* on the first 38 citations, which were all that were then pending.  *See* Exhibit 31 (*Nolle prosequi* memorandum in County municipal court), incorporated herein by reference.  F. R. Civ. P. 10(c).

58.    A contemporaneous email on May 9 to undersigned counsel from the County Counselor's office indicated that it would have dismissed/*nolle prosequi* the charges whether or not

Fernandez had retained counsel.  *See* Exhibit 30 (Email from Assistant County Counselor Andrea Alper dated May 9, 2019), incorporated herein by reference.  F. R. Civ. P. 10(c).).

59.   Later that same day, May 9, the St. Louis County police again cited Fernandez for solicitation without a Solicitor license pursuant to Section 804.050, ticket no. 180580890. Fernandez, again, had his Solicitor license and produced it to the officer, but still received a citation.  This was Fernandez's 39th citation since October 2017 for solicitation- or vagrancy-related Code violations; his 21st citation for soliciting with a valid Solicitor license; and approximately his eighth citation in which he produced his valid Solicitor license but was cited anyway.

60.   None of Fernandez's citations states as the offense violated failing to obtain specific authorization for a desired specific location and date under Section 804.165.3.

61.   Fernandez believes that St. Louis County is citing and prosecuting him for the listed offenses in order to restrict his speech, all because he is a homeless person engaged in the expressive speech and expressive conduct of begging for money, and St. Louis County finds his status, appearance and speech offensive and therefore wishes to banish him and the speech from public places.

62.   Fernandez objectively fears that he will be cited again for soliciting and/or vagrancy.

63.   Fernandez objectively fears that he will be arrested again for soliciting and/or vagrancy.

64.   The penalty for a pedestrian soliciting in the roadway without a valid license is imprisonment in the County Jail not exceeding one year, or by a fine not exceeding one thousand dollars ($1,000.00), or by both such fine and imprisonment.  *See* Exhibit 7 (Section 1215.010 penalties).

65.   Fernandez cannot afford to pay such a fine without begging, and Fernandez does not want to go to jail merely for speaking and asking for money and/or for failing to pay a fine for such conduct.

66.   The penalty for vagrancy is a fine up to $1,000, or imprisonment for up to one year in jail, or both.  *See* Exhibit 8 (Section 716.180 penalties).

67.   Fernandez cannot afford to pay such a fine without begging, and Fernandez does not want to go to jail merely for speaking and asking for money and/or for failing to pay a fine for such conduct.

68.   The penalty for soliciting without a valid Solicitor license is a fine not less than $10 and up to $100, or imprisonment up to thirty days, or both.

69.   Fernandez cannot afford to pay such a fine without begging, and Fernandez does not want to go to jail merely for speaking and asking for money and/or for failing to pay a fine for such conduct.

70.   The requirement that Fernandez obtain a Solicitor license every six months to beg for money in a public place significantly burdens his speech and expressive conduct in begging for financial assistance, because it requires him to go to the County government center to obtain the license, fill out an application and have it notarized, pay fees, and carry the license in order to beg.

71.   **Ongoing Fear of Harassment and Bad Faith Prosecution.**  Fernandez continues to beg for financial assistance with a valid Solicitor license.

72.   Fernandez has been exposed to 39 citations, and then 38 *nolle prosequi*, with the 39th citation being issued the same day as the entry of the *nolle.*  This creates an inference that County officials had no intention of following through on these prosecutions and that the

prosecutions were undertaken without hope of obtaining valid convictions, or in the alternative, regardless of the outcome of the citations.

73. The repeated citations by the County of Fernandez, despite his possession of a valid Solicitor license, create an inference of bad faith prosecution or harassment warranting federal equitable relief.

74. On inference, the purpose of Fernandez's repeated citations and prosecutions is to deter him from engaging in the protected speech and the expressive conduct of begging.

75. A person of ordinary firmness would have an objectively reasonable fear under such circumstances that he would be cited and prosecuted again for violating Chapter 804, even though that person possessed and produced a valid Solicitor license.

76. Each of the solicitation regulations and prohibitions of Chapter 804, the solicitation prohibitions in Section 1209.090, and the vagrancy prohibitions of Sections 716.080 and 716.090, flagrantly violate express constitutional prohibitions.

77. Under Missouri law, the jurisdiction of a municipal court is limited to hearing and determining municipal ordinance violations, and the municipal court cannot issue declaratory or injunctive relief.

78. **Legal Claims – Chapter 804.**  Begging by a homeless person, including the use of a small handheld sign to express a message to fellow citizens, is unquestionably protected by the First Amendment.

79. A County police officer must necessarily examine the content of Fernandez's speech to determine whether or not Fernandez is required to obtain a Solicitor license under Chapter 804.  For example, a sign that said "Impeach the President" or "Come to Jesus" would not be governed by the Code.

14

80.     Chapter 804 violates the free speech clause of the First Amendment in requiring that Fernandez apply for and obtain a Solicitor license before engaging in the speech and expressive conduct of begging for money from the drivers of stopped cars by standing on the median of an intersection, which is a traditional public forum.

81.     Section 804.250 exempts individuals soliciting:

      a.     On behalf of churches, fraternal organizations, and

      b.     For political activity governed by Missouri Campaign Finance Law, RSMo. Chapter 130.

82.     Thus some speakers have their speech and expressive conduct favored over others based on the content of the speech and the identity of the speaker.  An officer enforcing Chapter 804 would necessarily have to examine the content of the speech to determine whether or not a violation has occurred.  This favors some speakers and speech over others, and therefore is a content-based regulation,

83.     Alternatively, even if a Solicitor license may be generally required before Fernandez engages in speech and expressive conduct, the following requirements still unduly burden such speech and conduct:

      a.     Fernandez, and third parties affected in a manner dissimilar to Fernandez, must complete a written application, pay a license fee, undergo a County Police background check, and seek the services of a Notary Public (which in Fernandez's experience was offered by the division at the time of his application) before engaging in protected speech and expressive conduct in a traditional public forum;

b.     Fernandez, and third parties affected in a manner dissimilar to Fernandez must carry and disclose their identities on a Solicitor license card;

c.     Fernandez, and third parties affected in a manner dissimilar to Fernandez, must have a local residence and address to receive mail;

84.    The standards for issuance or revocation of a Solicitor license violate the due process requirements of the Fourteenth Amendment as follows:

a.     The standards of Section 804.130 are too vague and discretionary for evaluating a Solicitor license.

b.     The standards of Section 804.160 are too vague and discretionary for revoking a Solicitor license.

c.     That a license can be denied for violation of Section 804.040, or because a previous license was revoked for cause during a twelve-month period is overly burdensome and not narrowly tailored.

d.     That an individual representing a third-party organization or employer having four (4) or more representatives convicted of violating Chapter 804 can be denied a Solicitor license, is overly burdensome and not narrowly tailored.

e.     That a Solicitor license can be revoked for fraud, misrepresentation or false statement in the course of carrying on Solicitor business is overly burdensome and not narrowly tailored.  Further, the First Amendment permits false statements absent a legally cognizable harm.

f.     That a Solicitor has otherwise on a previous occasion solicited in an unlawful manner or in such a manner as to constitute a breach of the peace or to constitute a menace to the health, safety, or general welfare of the residents of St. Louis

County, is overly burdensome and not narrowly tailored, and also is too vague and discretionary.

g.      That there is a delay of unknown time for the County Police to conduct background check and then the Division to process and approve a Solicitor license is a prior restraint, overly burdensome and not narrowly tailored.

85.   Even if Section 804.165 and Schedule I may be found to be content-neutral restrictions as to time, place and manner of speech and expressive conduct, and in the interests of public or traffic safety, nevertheless they violate the First Amendment because the three-day limitation to daylight hours is (a) arbitrary and capricious in that it cannot be safe and orderly to solicit three days a year but not the other 362 calendar days, (b) geographically over-inclusive in that it prohibits begging at intersection locations where there is an absence of evidence supporting the existence of a threat to public safety and traffic flow, (c) is not narrowly tailored to serve a significant government interest in that it prohibits begging even when conducted in a safe manner from a traffic median, not causing a disruption to or delay of traffic, and (d) does not leave open ample alternative channels for communication in that, in a suburban place such as St. Louis County where the populace travels about by vehicle, begging from motorists is the only viable channel for such a communication by a poor, homeless person.

86.   The requirement that Fernandez obtain a Solicitor license every six months to beg for money in a public place significantly burdens Fernandez's speech and expressive conduct in begging for financial assistance.

87.   Section 804.165 and Schedule I are an unreasonable time restriction in limiting approved solicitations to only three calendar days per year, between sunrise and sunset, at certain designated intersections.

88.   Section 804.165 and Schedule I are an unreasonable prior restraint in requiring seven (7) days advance notice (but not more than ninety (90) days advance notice) and application to the Division at certain intersections.

89.   **Legal Claims – Pedestrian Solicitation in the Roadway.**   Section 1209.090's prohibitions are content-based because they apply to speech and expressive conduct related only to a person standing in the road "for the purpose of soliciting a ride, employment, charitable contribution or business from the occupant of any vehicle."

90.   The prohibitions do not outlaw a person from entering the roadway to ask for directions; to pick up a motorist's dropped glove and return it to its owner; or to make statements or expressions related to political, religious, artistic, or other categories of speech.  Asking for money for a church or a painting is permitted-as is solicitation of votes or ballot signatures.  Thus the regulation is so underinclusive of certain types of speakers and speech that its very underinclusiveness calls into question the purported purpose of the regulation.

91.   In order to enforce the prohibitions, an official must necessarily examine the content of the message that is conveyed.

92.   The prohibitions necessarily target *the words* of solicitation—that is asking for a ride, a job, a donation, or business—but not *the act* of standing in the roadway.  Thus the prohibitions are not content-neutral, and cannot survive strict scrutiny.

93.    Fernandez suggests that Section 1209.090 is constitutionally infirm because the state of First Amendment law has changed since Section 1209.090 was upheld under a narrow tailoring analysis by the Eighth Circuit in 1991, which affirmed the decision below by a judge of this Court in 1989. *ACORN v. St. Louis County*, 930 F.2d 591 (8th Cir. 1991), *affirming* 726 F. Supp. 747 (E.D. Mo. 1989) (Limbaugh, J.); *see also Traditionalist Am. Knights of the Ku Klux Klan v. City of Desloge,* 775 F.3d 969, 972 (8th Cir. 2015)

94.    In the alternative, Fernandez respectfully suggests that the Eighth Circuit, the district court and the parties to *ACORN* and *KKK* erred in agreeing and holding that Section 1209.090 is content neutral, because it only applies to certain subjects of speech.  An officer enforcing Section 1209.090 must necessarily examine the content of the speech to determine whether or not the speaker is standing afoul of the prohibition.  Section 1209.090 does not prohibit a person from standing in the roadway to speak on subjects other than "soliciting a ride, employment, charitable contribution or business from the occupant of any vehicle."

95.    In the alternative, under a content-neutral analysis, Fernandez invites this Court to reconsider *ACORN* in light of case law developed since 1991, and to find that Section 1209.090 is not narrowly tailored to the County's interest in traffic safety, and that there are myriad of less restrictive means for the County to promote traffic safety, such as the enforcement of other existing traffic and parking laws.  The generally accepted way of dealing with unlawful conduct that may be intertwined with First Amendment activity is to punish it after it occurs rather than to prevent the First Amendment activity from occurring in order to obviate the possible unlawful conduct.

96.    **Legal Claims – Vagrancy.**  The vagrancy prohibition in the Code at Section 716.080 and

716.090 is a status offense that criminalizes the statuses of being homeless, poor, and

unemployed.   Further the vagrancy prohibition is void for vagueness; does not give

reasonable notice to a reasonable and careful person of what conduct is proscribed; and

invites arbitrary and capricious enforcement by the police officer on his or her beat.

97.    The Missouri Supreme Court has invalidated similar vagrancy ordinances.

98.    Fernandez challenges the vagrancy ordinance both as applied to him, and on its face, for

violating the equal protection guarantees of the Fourteenth Amendment by targeting only

poor able-bodied males.

99.    **Attorney's Fees and Costs.**  Fernandez is accruing reasonable attorney's fees, and court

costs (both taxable and non-taxable), and claims those fees and cost pursuant to 42 U.S.C.

§ 1988.

**Count I**

**<u>Chapter 804 Solicitation Regulations</u>**

100.    Plaintiff Robert Fernandez incorporates all prior paragraphs.

WHEREFORE Plaintiff prays this Court to:

a.     Issue a declaratory judgment under 42 U.S.C. § 1983 declaring that the Solicitor

licensing requirements of Chapter 804 violate the free speech clause of the First

Amendment;

b.     Issue preliminary and permanent injunctions under 42 U.S.C. § 1983 enjoining

enforcement of the Solicitor licensing requirements of Chapter 804;

c.     Award Plaintiff his costs and attorney's fees and costs under 42 U.S.C. § 1988;

and

d.      Grant for such other relief as may be just, meet and reasonable.

## Count II

### Section 1209.090 Pedestrian Roadway Solicitation Prohibition

101.   Plaintiff Robert Fernandez incorporates all prior paragraphs.

WHEREFORE Plaintiff prays this Court to:

a.      Issue a declaratory judgment under 42 U.S.C. § 1983 declaring that the pedestrian roadway solicitation prohibitions at Section 1209.090 violate the free speech clause of the First Amendment;

b.      Issue preliminary and permanent injunctions under 42 U.S.C. § 1983 enjoining enforcement of the pedestrian roadway solicitation prohibitions at Section 1209.090;

c.      Award Plaintiff his costs and attorney's fees and costs under 42 U.S.C. § 1988; and

d.      Grant for such other relief as may be just, meet and reasonable.

## Count III

### Sections 716.080 and 716.090 Vagrancy Prohibition

102.   Plaintiff Robert Fernandez incorporates all prior paragraphs.

WHEREFORE Plaintiff prays this Court to:

a.      Issue a declaratory judgment under 42 U.S.C. § 1983 declaring that the vagrancy prohibitions at Sections 716.080 and 716.090 violate the due process and equal protection clauses of the Fourteenth Amendment;

b.      Issue preliminary and permanent injunctions under 42 U.S.C. § 1983 enjoining enforcement of the vagrancy prohibitions at Sections 716.080 and 716.090;

c.     Award Plaintiff his costs and attorney's fees and costs under 42 U.S.C. § 1988; and

d.     Grant such other relief as may be just, meet and reasonable.

## Count IV

### Damages, St. Louis County, Fourth Amendment violations

103.    Plaintiff Robert Fernandez incorporates all prior paragraphs.

104.    Plaintiff has been seized within the meaning of the Fourth Amendment by arrest and detention in the County police station three times for violating Chapter 804 by begging for financial assistance on the side of County roadways.

105.    (Plaintiff does not make Fourth Amendment seizure claims based on his thirty-eight citations alone.)

106.    Chapter 804 is the law of Defendant St. Louis County, and as such is a custom, policy and practice of Defendant St. Louis County.

107.    There is no substantially similar Missouri state statute prohibiting Plaintiff's conduct in begging for financial assistance on the side of County roadways.

108.    Chapter 804 as written and as enforced was the moving force behind Plaintiff's three seizures.

WHEREFORE Plaintiff prays this Court for compensatory damages for his three seizures under 42 U.S.C. § 1983 from Defendant St. Louis County, Missouri in an amount to be determined by a jury; for his reasonable attorney's fees and costs under 42 U.S.C. § 1988; and for such other relief as may be just, meet and reasonable.

## Count V

### Damages, St. Louis County, First Amendment chilling

109.   Plaintiff Robert Fernandez incorporates all prior paragraphs.

110.   Plaintiff has been seized within the meaning of the Fourth Amendment by arrest and detention in the County police station three times for violating Chapter 804 by begging for financial assistance on the side of County roadways.

111.   (Plaintiff does not make Fourth Amendment seizure claims based on his thirty-eight citations alone.)

112.   Plaintiff's seizures constitute harassment for exercising his First Amendment right to speech and expressive conduct to beg for financial assistance in a public place, that is, a median near an intersection in St. Louis County.

113.   Such seizures would objectively chill a person of ordinary firmness from the exercise of First Amendment rights to speech and expressive conduct in begging for financial assistance.

114.   Plaintiff fears future seizures for his begging for financial assistance in a public place.

115.   The Solicitor regulations and prohibitions of Chapter 804 are the law of Defendant St. Louis County, and as such are a custom, policy and practice of Defendant St. Louis County.

116.   There is no substantially similar Missouri state statute prohibiting Plaintiff's conduct in begging for financial assistance on the side of County roadways.

117.   Chapter 804 as written and as enforced was the moving force behind Plaintiff's three seizures.

WHEREFORE Plaintiff prays this Court for compensatory damages for his three seizures under 42 U.S.C. § 1983 from Defendant St. Louis County, Missouri in an amount to be

determined by a jury; for his reasonable attorney's fees and costs under 42 U.S.C. § 1988; and for such other relief as may be just, meet and reasonable.

## Count VI

### Damages, St. Louis County, Missouri state law, Malicious Prosecution

118.  Plaintiff Robert Fernandez incorporates all prior paragraphs.

119.  Plaintiff has been cited and prosecuted thirty-eight times for violating Code Chapter 804, Code Section 1209.090, and Code Sections 716.080 and 716.090 (the two solicitation regulations, and one vagrancy prohibition).

120.  (Fernandez does not list here his one remaining outstanding citation for soliciting without a valid Solicitor license.)

121.  Chapter 804 is unconstitutional on its face and as applied to Plaintiff.

122.  Section 1209.090 is unconstitutional on its face and as applied to Plaintiff.

123.  Code Sections 716.080 and 716.090 is unconstitutional on its face and as applied to Plaintiff.

124.  The purpose of the County's citations and prosecutions is to deter homeless persons such as Plaintiff from begging, and not bringing persons such as Plaintiff to justice.

125.  An ordinarily careful person would not believe that Plaintiff was guilty of the offenses charged in the citations because the offenses were clearly established to be an unconstitutional prohibition.

126.  Defendant St. Louis County instigated and continued thirty-eight prosecutions that terminated in favor of Plaintiff.

127.  In so doing, Defendant St. Louis County acted maliciously and without reasonable grounds.

128.    Plaintiff was thereby damaged.

WHEREFORE Plaintiff prays this Court for compensatory damages for Missouri state law malicious prosecution to be recovered from Defendant St. Louis County, Missouri in an amount to be determined by a jury; and for such other relief as may be just, meet and reasonable.

Respectfully submitted,

Co-Counsel for Plaintiff

/s/ Hugh A. Eastwood
Hugh A. Eastwood, 62058MO
Attorney at Law
7911 Forsyth Blvd., Ste. 300
St. Louis, Missouri 63105-3825
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 863 5335 Fax

    /s/ W. Bevis Schock  .
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322