UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT FERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| ST. LOUIS COUNTY, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

### Affidavit of Plaintiff Robert Fernandez
### in Support of his Motion for Preliminary Injunction

Plaintiff Robert Fernandez states for his Affidavit in support of his Motion for Preliminary Injunction:

1. My name is Robert Fernandez and I am an adult over 21 years of age. I am competent to make this Affidavit.

2. I am a poor, homeless, unemployed, single man.

3. I lack a permanent residence and sleep wherever I can within St. Louis County, often under a bridge or bridges, although I do carry a valid Missouri driver license which describes my address as:

    3800 South Broadway
    St. Louis, MO 63118

    That is the location of a treatment shelter where I have stayed in the past.

4. I spend parts of my days and all my nights with my female companion Skye Herron, who is disabled and who depends solely on me for assistance with her day-to-day living.

5. I do not receive government benefits such as food stamps or welfare. I am enrolled in Gateway Health, a temporary health care program for uninsured adults in St. Louis City and County.

Exhibit 37

6. Ms. Herron receives food stamps and Medicaid.

7. In order to obtain money for life's basic essentials for myself and Ms. Herron, I beg for financial assistance—that is, for cash—at various intersections within St. Louis County. My practice is to stand on a sidewalk or median, and beg from drivers who have exited northbound Interstate 55 at the S. Lindbergh exit, and who are stopped at a red light before they head northbound on Lindbergh.

8. I found that the specific location of my begging is important to my success in receiving money. For example, I find that I obtain less money from drivers across the intersection who are coming southbound on I-55 from the City of St. Louis. Based on their comments to me, I believe certain types of drivers, e.g., religious persons, tend to be more generous with donations.

9. Since St. Louis County is suburban in character, and thus the vast majority of the population travels about by vehicle, I have no alternative channel of communication which will raise nearly as much money as begging on a sidewalk or median near a major roadway.

10. In south St. Louis County, where I often stay, most streets lack sidewalks. Parking lots for retail stores are private and do not permit solicitation.

11. I beg only for my own needs and Ms. Herron's needs.

12. I do not beg on behalf of third-party charities, organizations or politicians.

13. I carry a small cardboard sign that reads:

>Homeless
>Anything Helps
>God [cross] Bless

14. Exhibit 11 is a set of true and accurate photographs of me taken on May 19, 2019 standing on the triangular sidewalk or median at my regular I-55/S. Lindbergh Blvd. intersection, as well as the surrounding areas.

15. I only beg from the drivers of stopped cars when the light is red.

16. When begging, I am always careful of my own safety and the motorist's safety.

17. When begging, I do not impede traffic nor do I stand in the roadway.

18. When begging, I do not distribute any items of any kind to anyone, and particularly I do not distribute literature to drivers of stopped vehicles.

19. I beg passively—that is, other than smiling, I just carry my sign and only approach motorists who indicate by word or gesture that they will give me something.

20. I am aware that the County "Peddlers and Solicitor's Code," codified at Sections 804.010 through 804.260, requires a person who wishes to solicit for cash to obtain a Solicitor license through an in-person, notarized application to the County at its government offices in downtown Clayton.

21. I have on two occasions applied for a Solicitor license at the Division and, on each occasion, I obtained the license:
    a. License no. 3371, which expired April 16, 2019, and
    b. License no. 3483, which will expire September 29, 2019.
    (Ex. 4 to my Complaint).

22. The application process requires that the County police conduct a background check.

23. When I applied for those licenses it took the County police each time two to three weeks to do a background check, on inference because earlier in my life I pled guilty to a County municipal ordinance violation for stealing DVDs from a Borders bookstore, for

3

which I received a Suspended Imposition of Sentence (SIS, or probation). I successfully completed probation.

24. I am also aware that if I wish to solicit at certain "designated intersections" under Schedule I to the Chapter 804, then I must receive additional advance approval from the Division.

25. When I obtained my second Solicitor license, no. 3483, I also obtained with that license authorization for solicitation at certain Schedule I designated intersections on three days:

   a. On April 5, 2019, authorization to solicit at the South County intersections of
      i. Interstate 55 and S. Lindbergh Blvd.,
      ii. Baptist Church Road and S. Lindbergh Blvd., and
      iii. Lemay Ferry and South County Center Way;

   b. On April 12, 2019 and April 13, 2019, authorization to solicit at the South County intersections of:
      i. Interstate 55 and S. Lindbergh Blvd.,
      ii. Interstate 55 and Reavis Barracks, and
      iii. Telegraph Road and Wal Mart.

26. Although those authorizations are long expired, I continue to solicit at my preferred location at I-55 and S. Lindbergh Blvd. without authorization on an almost daily basis.

27. I am also aware that the St. Louis County Code prohibits pedestrians from standing in the roadway to engage in certain types of solicitations: a ride, employment, charitable contribution or business from the occupant of any vehicle. Section 1209.090.

28. As I understand the definition of roadway at Section 1202.010.28, I do not "stand" in the roadway.

4

29. I am also aware the St. Louis County Code prohibits vagrancy. Sections 719.080 and 719.090.

30. The definition of "vagrant" in the Ordinance is vague to me, and I therefore do not know if I am in violation of Section 718.090.

31. Between October 31, 2017, and May 9, 2019 I was issued 39 citations by the St. Louis County Police for Code violations related to solicitation or vagrancy. Until May 9, 2019 I was being prosecuted for thirty-eight of those citations in the St. Louis County southern division municipal court (Ex. 5).

32. Ten of the citations were for Pedestrian Soliciting Contributions, Employment or Business from Vehicles. Section 1209.090.

33. Eight of the citations were for Vagrancy. Sections 716.080 and 716.090.

34. Twenty-one of the citations were for Soliciting Without a License. Section 804.050.

35. During approximately eight of my interactions with County police over my solicitation in which I have received a citation, I have produced my valid Solicitor license. Each time, the County police have still cited me for soliciting without a license.

36. By way of example, four of my recent citations were for soliciting without a valid Solicitor license at my regular location at the northbound I-55 exit to Lindbergh. The details of those citations are as follows:

    a. At approximately 12:20 p.m. on March 23, 2019 I was cited by St. Louis County Police Officer Rehagen, Badge 04187, for solicitation without a valid Solicitor license, pursuant to St. Louis County Code Section 804.050, ticket no. 180575635. I had my Solicitor license with me and produced it to the officer.

5

    b.    At approximately 11:39 a.m. on March 24, 2019, the next day, I was cited by the same officer for the same offense, ticket no. 180575694. Again, I had my Solicitor license with me and produced it to the officer.

    c.    At approximately 10:30 a.m. on March 31, 2019, a week later, I was cited by St. Louis County Police Officer Scholbe, Badge 04279, for the same offense, ticket no. 180576359. Again, I had my Solicitor license with me and produced it to the officer.

    d.    At approximately 12:06 p.m. on April 29, 2019, I was cited by St. Louis County Police Officer Igleheart, Badge 03964, for the same offense, ticket no. 180579919. Again, I had my Solicitor license with me and produced it to the officer.

37. On approximately three occasions since October 2017, I have been arrested in connection for soliciting with a valid Solicitor license, taken down to a County police station for processing, booked, and then released on my own recognizance to appear for County municipal court.

38. None of my citations has ever gone to warrant, and I have almost always appeared for my County municipal court dates.

39. While the St. Louis County Counselor's office was prosecuting me on the first 38 citations in St. Louis County southern division municipal court, I retained undersigned counsel, who entered their appearance in advance of my June 12, 2019 trial date.

40. On May 9, 2019 the St. Louis County Counselor's office dismissed and entered *nolle prosequi* on those 38 tickets (Ex. 10). An Assistant County Counselor also emailed my lawyers (Ex. 9).

6

41. Later that same day, May 9, I received a new ticket for solicitation without a valid Solicitor license pursuant to Section 804.050, ticket number 180580890. Again, I had my Solicitor license with me and produced it to the officer, albeit with no effect.

42. None of my tickets states as the offense that I failed to obtain specific authorization for a desired Schedule I designated intersection and date as required under Section 804.165.

43. My retained counsel is defending me on my new citation and I plan to:

    a. Plead not guilty,

    b. Take the pending citation to trial in the municipal court, and

    c. If I am found guilty, appeal on all available grounds.

44. I believe that the County is citing and prosecuting me for the listed offenses in order to restrict my speech, all because I am a homeless person engaged in the expressive speech and expressive conduct of begging for money, and the County finds me and my speech offensive and wishes to banish me and my speech from public places.

45. Each Solicitor license takes two to three weeks, and thus requires two trips to Clayton. I also must pay fees, complete notarized paperwork, and attach photographs of myself.

46. The burden, cost and time delay of the process for obtaining the Solicitor license is significant to me, and it does not appear to protect me from citation and prosecution, because the County Police have cited me eight times even when I have produced a valid Solicitor license,

47. I believe that my status as a homeless person subjects me to vagrancy citation and prosecution under Sections 716.080 and 716.090.

48. It is a hardship and burden for me to come to municipal court and face charges.

49. I need to continue to beg for financial assistance in order to sustain Ms. Herron and me.

50. I fear that I will be cited again soon, and again and again, for one or more of these three soliciting and/or vagrancy offenses.

51. I fear that I will also be arrested again for one or more of these three soliciting and/or vagrancy offenses.

52. I cannot afford to pay fines without begging, and I do not want to go to jail merely for speaking and asking for money and/or for not paying fines which I cannot pay unless I engage in the prohibited conduct.

53. It would be a hardship and a burden to me to be limited to begging on only three days per calendar year, because that restriction would allow me to beg on less than 1% of the days of the calendar year, and my financial needs require me to beg almost daily.

54. Through observation and personal contact I know of many other people who beg and who face the same or similar problems that I face related to my begging.

55. I ask the Court to enjoin the County from enforcing Chapter 804 against me and other third-party solicitors—both homeless persons similar to me, but also those dissimilar to me (such as day laborers, issue advocacy fundraisers not regulated by RSMo. 130, and out-of-state visitors)—during the pendency of this litigation.

56. I am not a commercial peddler or vendor. I do not direct any of my claims or arguments, whether as applied to me or facially as to solicitation, toward the peddlers and vendors section of chapter 804.

57. I ask the court to enjoin the enforcement of Section 1209.090 (the in the roadway solicitation prohibition) because the prohibition only applies to certain types of speech, cannot be enforced by the County police without investigation into the content of the

8

speech, and is also so underinclusive of other types of roadway speech that its safety purpose fails.

58. In the alternative, I suggest that I do not "stand" in the roadway; rather I stand on the median adjacent to the roadway. Thus my conduct in begging does not violate an essential element of the offense.

59. I ask the Court to enjoin the enforcement of Section 706.080 and 706.090 (the vagrancy prohibition) against homeless persons such as myself for merely being "a vagrant" as defined by Section 706.090.

60. I ask the Court to declare that these vagrancy prohibitions are unconstitutional status offenses that criminalize homelessness, as applied to homeless persons such as myself.

61. I ask the Court to have the jury award me compensatory damages from St. Louis County for my arrests and for my having to endure prosecutions.

62. I am incurring attorney's fees in pursuit of this action and I ask the Court to award me my reasonable attorney's fees and costs under 42 U.S.C. § 1988, and to award such other relief as may be just, meet and reasonable.

63. I do not have funds to post more than a nominal bond for a preliminary injunction in this case, such as $10.00.

I hereby verify and affirm that I have read and understood this document. I declare under oath and under penalty of perjury that to the best of my knowledge all the statements in this document are true and correct.

*[signature]*
Robert Fernandez

State of Missouri    )
                     ) ss
County of St. Louis  )

Subscribed and sworn before me this  May 31 , 2019.

*[signature]*
Notary Public

> SANDRA L. THURMOND
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for St. Louis City
> My Commission Expires: August 29, 2022
> Commission Number: 14430135

Respectfully submitted,

Co-Counsel for Plaintiff

/s/ Hugh A. Eastwood
Hugh A. Eastwood, 62058MO
Attorney at Law
7911 Forsyth Blvd., Ste. 300
St. Louis, Missouri 63105-3825
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 863 5335 Fax

  /s/ W. Bevis Schock  .
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322