# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT FERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:19-cv-01638SNLJ |
| | ) |
| ST. LOUIS COUNTY, MISSOURI | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant St. Louis County, Missouri ("County" or "Defendant"), by counsel, hereby answers the Complaint for Declaratory Relief, Preliminary and Permanent Injunction ("Complaint") (Doc. 2) filed by Robert Fernandez ("Plaintiff" or "Fernandez") on or about June 5, 2019, and responds to the separately numbered paragraphs of the Complaint and further asserts affirmative defenses as follows:

### Introduction

1. Defendant admits that the text of each referenced ordinance speaks for itself and denies all allegations inconsistent with their content, admits that Fernandez was cited by County for violations of the referenced ordinances, specifically denies the legal conclusions and implications drawn in the Complaint between the incidents and enforcement of the ordinances at issue here, and denies any remaining allegations in paragraph 1 of Plaintiff's Complaint.

### Parties

2. Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 2 and therefore denies the same.

3. Defendant admits the allegations contained in paragraph 3.

4. The allegations contained in paragraph 4 constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 4.

5. The allegations contained in paragraph 5 constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant admits that this Court has subject-matter jurisdiction.

6. The allegations contained in paragraph 6 constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant admits that venue is proper, but is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 6 and therefore denies same.

7. The allegations contained in paragraph 7 constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant admits the allegations contained in paragraph 10.

11. Defendant admits that Plaintiff seeks the relief requested in paragraph 11 but denies his entitlement to same.

12. Defendant admits that the text of the Ordinance speaks for itself and denies all allegations inconsistent with its content, and denies any remaining allegations in paragraph 12.

13. Defendant admits that the text of the Ordinance speaks for itself and denies all allegations inconsistent with its content, and denies any remaining allegations in paragraph 13.

14. Defendant admits the allegations contained in paragraph 14.

15. Defendants admit the allegations contained in paragraph 15.

16. Defendant admits the allegations contained in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant admits that an application form is on the County website, but denies the remaining allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant alleges that the text of the Ordinance speaks for itself and denies all allegations inconsistent with its content, and denies any remaining allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant alleges that the text of the Ordinance speaks for itself and denies all allegations inconsistent with its content, and denies any remaining allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 24 and therefore denies the same.

25. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 25 and therefore denies the same.

26. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 26 and therefore denies the same.

27. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 27 and therefore denies the same.

28. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 28 and therefore denies the same.

29. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 29 and therefore denies the same.

30. Defendant denies the allegations in paragraph 30.

31. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 31 and therefore denies the same.

32. The allegations contained in paragraph 32 constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 36 and therefore denies the same

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 38 and therefore denies the same.

39. Defendant admits the allegations in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 41 and therefore denies same.

42. Defendant admits the allegations in paragraph 42 purport to paraphrase the referenced Ordinance, but denies all remaining allegations in paragraph 42.

43. Defendant admits the allegations in paragraph 43(a), but denies the remaining

allegations in paragraph 43 and 43(b).

44. Defendant denies the allegations in paragraph 44.

45. Defendant moves to strike Exhibits 32, 33, and 34 from the record as noncompliant with Rule 10(c) because they do not constitute a written statement, and further denies the allegations and inferences in paragraph 45.

46. Defendant moves to strike Exhibit 35 from the record as noncompliant with Rule 10(c) because it does not constitute a written statement, and further denies the allegations and inferences in paragraph 46.

47. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 47 and therefore denies same.

48. Defendant admits that Plaintiff received citations between October 3, 2017 and May 9, 2019, but denies the remaining allegations contained in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant admits that, like other laws for which the County is charged with enforcement duties, the County seeks to enforce its Ordinances and denies all remaining allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54, 54(a), 54(b), 54(c) and 54(d).

55. Defendant denies the allegations in paragraph 55.

56. Defendant admits that Fernandez retained undersigned counsel, but denies all remaining allegations contained in paragraph 56.

57. Defendant admits that Exhibit 31 speaks for itself, and denies the remaining allegations contained in paragraph 57.

58. Defendant admits that Exhibit 30 speaks for itself, and denies the remaining allegations in paragraph 58.

59. Defendant admits that on May 9, 2019 Plaintiff was cited for soliciting with no license, but denies the remaining allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant admits that County seeks to enforce its Ordinances, like other laws for which the County is charged with enforcement duties, but denies the remaining allegations in paragraph 62.

63. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 63 and therefore denies the same.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant admits that the range of punishment for petty offenses is stated in Section 716.180 of the St. Louis County Revised Ordinances, Petty Offenses Code, and that the law speaks for itself, but denies the remaining allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. The allegations contained in paragraph 68 constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. The allegations in paragraph 76 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 76.

77. The allegations in paragraph 77 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 77.

78. The allegations in paragraph 78 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. The allegations in paragraph 80 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 80.

81. Defendant admits that the text of the referenced ordinance is only partially quoted but, in whole, speaks for itself, and denies the remaining allegations in paragraph 81.

82. The allegations in paragraph 82 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant

denies the allegations in paragraph 82.

83. Defendant denies every allegation in paragraph 83 and in its subparts 83(a), 83(b), 83(c).

84. The allegations in paragraph 84, 84(a), 84(b), 84(c), 84(d), 84(e), 84(f) and 84(g) of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 84, 84(a), 84(b), 84(c), 84(d), 84(e), 84(f) and 84(g).

85. The allegations in paragraph 85 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. The allegations in paragraph 87 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 87.

88. The allegations in paragraph 88 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 88.

89. The allegations in paragraph 89 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 89.

90. The allegations in paragraph 90 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 90.

91. Defendant denies the allegations in paragraph 91.

92. The allegations in paragraph 92 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 92.

93. The allegations in paragraph 93 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 93.

94. The allegations in paragraph 94 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 94.

95. The allegations in paragraph 95 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 95.

96. The allegations in paragraph 96 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 96.

97. The allegations in paragraph 97 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 97.

98. The allegations in paragraph 98 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 98.

99. The allegations in paragraph 99 of Plaintiff's Complaint constitute legal conclusions to

which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 99.

### Count I

100.   In response to paragraph 100, 100(a), 100 (b), 100(c), and 100(d) of Plaintiff's Complaint, Defendant incorporates its responses set forth above and denies all other allegations, statements and declarations contained in Plaintiff's Complaint, including all allegations, statements, declarations, and requests for relief in the prayers for relief, not specifically admitted herein.

WHEREFORE, Defendant respectfully requests to be henceforth dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

### Count II

101.   In response to paragraph 101, 101 (a), 101(b), 101(c), and 101(d) of Plaintiff's Complaint, Defendant incorporates its responses set forth above and denies all other allegations, statements and declarations contained in Plaintiff's Complaint, including all allegations, statements, declarations, and requests for relief in the prayers for relief, not specifically admitted herein.

WHEREFORE, Defendant respectfully requests to be henceforth dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

### Count III

102.   In response to paragraph 102, 102 (a), 102(b), 102(c), and 102(d) of Plaintiff's Complaint, Defendant incorporates its responses set forth above and denies all other allegations, statements and declarations contained in Plaintiff's Complaint, including all allegations, statements, declarations, and requests for relief in the prayers for relief, not specifically admitted herein.

WHEREFORE, Defendant respectfully requests to be henceforth dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

### Count IV

103.   In response to paragraph 103, 103(a), 103(b), 103(c), and 103(d) of Plaintiff's Complaint, Defendant incorporates its responses set forth above and denies all other allegations, statements and declarations contained in Plaintiff's Complaint, including all allegations, statements, declarations, and requests for relief in the prayers for relief, not specifically admitted herein.

104.   Defendant denies the allegations in paragraph 104.

105.   Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 105 and therefore denies the same.

106.   Defendant admits that, like other laws for which the County is charged with enforcement duties, the County seeks to enforce its Ordinances, including Chapter 804, and denies all remaining allegations contained in paragraph 106.

107.   The allegations in paragraph 107 of Plaintiff's Complaint constitute legal conclusions

to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 107.

108.   Defendant denies the allegations in paragraph 108.

WHEREFORE, Defendant respectfully requests to be henceforth dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

**Count V**

109.   In response to paragraph 109 of Plaintiff's Complaint, Defendant incorporates its responses set forth above and denies all other allegations, statements and declarations contained in Plaintiff's Complaint, including all allegations, statements, declarations, and requests for relief in the prayers for relief, not specifically admitted herein.

110.   The allegations in paragraph 110 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 110.

111.   The allegations in paragraph 111 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 111.

112.   Defendant denies the allegations in paragraph 112.

113.   Defendant denies the allegations in paragraph 113.

114.   Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 114 and therefore denies the same.

115.    Defendant admits that, like other laws for which County is charged with enforcement duties, the County seeks to enforce the Ordinance, including by prosecuting violations of same,

and denies all remaining allegations contained in paragraph 115.

116. The allegations in paragraph 116 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 116.

117. Defendant denies the allegations in paragraph 117.

WHEREFORE, Defendant respectfully requests to be henceforth dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## Count VI

118. In response to paragraph 118 of Plaintiff's Complaint, Defendant incorporates its responses set forth above and denies all other allegations, statements and declarations contained in Plaintiff's Complaint, including all allegations, statements, declarations, and requests for relief in the prayers for relief, not specifically admitted herein.

119. Defendant admits that, like other laws for which County is charged with enforcement duties, the County seeks to enforce the Ordinances, including by prosecuting violations of same, and denies all remaining allegations contained in paragraph 119.

120. Defendant denies the allegations in paragraph 120.

121. The allegations in paragraph 121 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 121.

122. The allegations in paragraph 122 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 122.

123. The allegations in paragraph 123 of Plaintiff's Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 123.

124. Defendant denies the allegations in paragraph 124.

125. Defendant denies the allegations in paragraph 125.

126. Defendant denies the allegations in paragraph 126.

127. Defendant denies the allegations in paragraph 127.

128. Defendant denies the allegations in paragraph 128.

WHEREFORE, Defendant respectfully requests to be henceforth dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state any cause or causes of action or any claims upon which relief can be granted and should be dismissed.

### SECOND DEFENSE

The Plaintiff is collaterally estopped and/or barred by res judicata from asserting any claims relative to the County's solicitation ordinances because the issue was fully litigated and resolved in *ACORN v. St. Louis County*, 930 F.2d 591(8th Cir. 1991).

### THIRD DEFENSE

St. Louis County did not violate Plaintiff's clearly established, particularized, constitutional, statutory, or common-law rights or privileges.

## FOURTH DEFENSE

St. Louis County acted in good faith, without malice, and its acts were justified and reasonable under the circumstances.

## FIFTH DEFENSE

The subject Ordinances do not regulate speech, provide fair notice as to the proscribed conduct and Plaintiff's conduct clearly violates the restrictions provided by law.

## SIXTH DEFENSE

The restrictions in all of the subject Ordinances are reasonable and viewpoint neutral.

## SEVENTH DEFENSE

The subject Ordinances contain content-neutral time, place or manner restrictions that are narrowly tailored to serve a legitimate and significant government interest and they leave open ample alternative places and channels of communication.

## EIGHTH DEFENSE

The Ordinances do not classify on the basis of a suspect status, either on their face or in person and effect, and the Ordinances are rationally related to a legitimate governmental purpose.

## NINTH DEFENSE

The Ordinances punish conduct, not status, and are conduct-based.

## TENTH DEFENSE

Plaintiff must violate an Ordinance to engage in the conduct he seeks to protect and he therefore has unclean hands and is not entitled to equitable relief.

**ELEVENTH DEFENSE**

The areas in high volume traffic intersections where Plaintiff conducts solicitation for funds constitute a public safety hazard to himself and others.

**TWELFTH DEFENSE**

Defendant is not required to wait for a traffic accident to justify safety regulations.

**THIRTEENTH DEFENSE**

Plaintiff is not entitled to injunctive relief because he has no reasonable likelihood of success on the merits, will not suffer irreparable harm in the absence of preliminary relief, and the balance of hardships tip in favor of the public interest.

**FOURTEENTH DEFENSE**

The First Amendment does not guarantee the right to communicate at all times and places or in any manner that may be desired and the St. Louis County Ordinances do not violate free speech rights.

**FIFTEENTH DEFENSE**

The police had probable cause to arrest the Plaintiff and/or cite the Plaintiff with ordinance violations.

**SIXTEENTH DEFENSE**

The Ordinances do not have any discriminatory motive, purpose and effect.

**SEVENTEENTH DEFENSE**

Plaintiff is engaged in commercial speech when soliciting funds on County roadways.

**EIGHTEENTH DEFENSE**

Defendant reserves the right to assert any additional affirmative defenses, if and when facts supporting said affirmative defenses become known and available to them.

**WHEREFORE**, Defendant St. Louis County, Missouri, having fully answered Plaintiff's Complaint, respectfully requests dismissal of Plaintiff's cause of action against them in its entirety, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**BETH ORWICK
COUNTY COUNSELOR**

/s/Linda S. Levin_____
Linda Suzann Levin  #31569MO
Associate County Counselor
Office of the County Counselor
St. Louis County Government Center
41 South Central Avenue, Ninth Floor
Clayton, MO 63105
(314)615-7042 tel. (314)615-3732 fax
LLevin@stlouisco.com

*Attorneys for Defendant St. Louis County, Missouri*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2019, a true and accurate copy of the foregoing was filed and served via the Court's electronic filing system and by regular U.S. Mail, Postage Prepaid, upon all of the following counsel of record: Hugh A Eastwood Attorney for Plaintiff, 7911 Forsyth Blvd., Suite 300, Clayton, MO. 63105-3825, hugh@eastwoodlawstl.com; W. Bevis Schock, Attorney for Plaintiff, 7777 Bonhomme Avenue, Suite 1300, St. Louis, MO 63105, wbschock@schocklaw.com.

/s/Linda S. Levin
Linda S. Levin