UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. FERNANDEZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:19-cv-01638-SNLJ |
| ST. LOUIS COUNTY, MISSOURI, | ) |
| Defendant. | ) |

**Plaintiff's Renewed Motion for Entry of Preliminary Injunction based on New Authority**

Plaintiff Robert A. Fernandez, by counsel W. Bevis Schock and Hugh A. Eastwood, states as follows for his Renewed Motion for Entry of Preliminary Injunction based on New Authority.

**I.      Introduction**

This is a challenge by a homeless panhandler against two St. Louis County solicitation regulations and one vagrancy prohibition. The Court has preliminarily enjoined the vagrancy ordinance. The court has deferred ruling on the challenged solicitation ordinances with the matter now running on a Track 1 (Expedited) scheduling order dated October 10, 2019, Doc. # 21, with a consolidated trial on the merits scheduled for April 6, 2020.

Fernandez now renews his motion for preliminary injunction as to the solicitation regulations based on a new and controlling Eighth Circuit authority.

**II.     *Rodgers* prohibits singling out solicitors for traffic safety regulations**

On November 6, 2019, the United States Court of Appeals for the Eighth Circuit affirmed the issuance of a preliminary injunction by an Eastern Arkansas federal district court enjoining an anti-panhandling state statute that is substantially similar to the ordinance prohibitions found

in St. Louis County Code Chapter 804 and 1209.090.  *Rodgers v. Bryant,* No. 17-3219, 2019 WL 5778342 (8th Cir. November 6, 2019).  The Eighth Circuit rejected the rationale of "public and motor vehicle safety" as underinclusive.  *Id.* at 8.

Fernandez attaches hereto a copy of the opinion, *Exhibit* 1.

Fernandez's original memorandum in support of his motion for preliminary injunction cited the *Rodgers* district court opinion at Doc. # 3-1, p. 18.  Whereas the district court opinion was merely persuasive, the Eighth Circuit's opinion is, of course, binding.

The challenged Arkansas statute criminalizes in relevant part the conduct of:

> Linger[ing] or remain[ing[ on a sidewalk, roadway, or public right-of-way, in a public parking lot or public transportation vehicle or facility, or on private property, for the purpose of asking for anything as charity or a gift … [u]nder circumstances that create a traffic hazard or impediment[.]

*Rodgers* at 2.

The Eighth Circuit affirmed the district court, holding that the Arkansas statute (1) is a content-based regulation because it applies only to those asking for charity or gifts, *id.* at 7, and (2) lacks sufficient "fit" because it is not narrowly tailored and is underinclusive by targeting only those who seek charitable donations but not those engaging in political or commercial speech, *id.* at 8.

Here, Chapter 804 similarly regulates solicitation of charitable solicitation through a burdensome Solicitor licensing program.  Section 804.050 contains the following prohibition:

> It shall be unlawful for any solicitor to engage in such business in St. Louis County, without first having obtained a license therefor from the Division.

Section 1209.090.1 contains the following prohibition:

> No person shall stand in a roadway for the purpose of soliciting a ride, employment, charitable contribution or business from the occupant of any vehicle

Both Section 804.050 and Section 1209.090.1 are content-based regulations that are underinclusive of those engaging in other forms of speech.

The County has argued the legality of the challenged solicitation regulations by asserting the government interest of traffic safety.  *See, e.g.,* County's memorandum in opposition, Doc # 11, at pp. 1, 5.  But, as stated above, the Eighth Circuit opinion concludes that the interest of public and motor vehicle safety will not survive strict scrutiny analysis in this First Amendment context.

Thus *Rodgers* appears to be on all fours.

### III. Conclusion and Prayer

The Eighth Circuit has now affirmed that traffic safety regulations that target only those soliciting charity or gifts should be preliminary enjoined as violative of the First Amendment. Fernandez suggests that the Eighth Circuit's opinion is *Rodgers* is controlling new authority, and therefore this Court should forthwith preliminarily enjoying the solicitor regulations in St. Louis County Code Chapter 804 (particularly Section 804.050) and Section 1209.090.1.

WHEREFORE Plaintiff Robert A. Fernandez renews his motion for preliminary injunction as to St. Louis County Code Chapter 804 (Count I of his Complaint), and Code Section 1209.090.1 (Count II of his Complaint), and for such other relief as may be just, meet and reasonable.

Respectfully submitted,

Co-Counsel for Plaintiff

   /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com

Fax:    314-721-1698
Voice: 314-726-2322

   /s/ Hugh A. Eastwood   .
Hugh A. Eastwood, 62058MO
Attorney at Law
7911 Forsyth Blvd., Ste. 300
St. Louis, MO 63105
heastwood@eastwoodlawstl.com
Fax:    314-863-5335
Vox:    314-809-2343

CERTIFICATE OF SERVICE

The undersigned certifies that on November 12, 2019 he served this document on all counsel of record.
/s/ Hugh A. Eastwood .
The service method: CM/ECF electronic filing.