IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT FERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  4:19-CV-01638-SNLJ |
| v. ) | |
| ) | |
| ST. LOUIS COUNTY, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S "RENEWED MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION"**

COMES NOW Defendant St. Louis County, Missouri, by and through undersigned counsel, and hereby files its Memorandum in Opposition to Plaintiff's Renewed Motion For Entry Of Preliminary Injunction, as follows:

## I. INTRODUCTION

Plaintiff's initial request for preliminary injunction (Doc #3) was granted as to the Vagrancy ordinance of St. Louis County, Missouri (Count III of Plaintiff's Complaint) on October 10, 2019 (Doc#22), and a Case Management Order, assigning the case to Track 1 (Expedited)[1], was entered on the same day (Doc #21).  The renewed request, which has been definitively ruled on by this Court, specifies two of the 36 ordinances specific to solicitation (namely, Sections 804.050 and 1209.090.1)[2], and is based solely on a recent

---

[1] The trial is set approximately 4.5 months from today, on April 6, 2020. (Doc #21).
[2] Chapter 804 of the St. Louis County Revised Ordinances, entitled "Peddlers and Solicitors Code" contains 27 ordinances (i.e. Sections 804.010-804.260), and Chapter 1209.090, entitled "Regulations for Pedestrians," contains 9 ordinances, Sections 1209.010-1209.090.

decision by the Eighth Circuit, which is inapposite to the case at bar, for the following legal reasons.

## II.  LAW

The terms of the Arkansas anti-loitering law in *Rodgers v. Bryant,* 301 F. Supp.3d 928 (E.D. Ark. 2017), is markedly different from the County ordinances under consideration in the case at bar. In fact, there is no legally meaningful resemblance between the Arkansas statute and the subject County Ordinances:

> **Ark. Code Ann. §5-71-213**. (a) A person commits the offense of loitering if he or she:
>
>> (3) Lingers or remains on a sidewalk, roadway or public right-of-way, in a public parking lot or public transportation vehicle or facility, or on private property, for the purpose of asking for anything as a charity or gift:
>> (A)   In a harassing or threatening manner;
>> (B)   In a way likely to cause alarm to the other person; or
>> (C)   Under circumstances that create a traffic hazard or impediment[.]
>
> **St. Louis County Revised Ordinances §804.050. Solicitor's License Required.**
> It shall be unlawful for any solicitor to engage in such business in St. Louis County, without first having obtained a license therefor from the Division.
>
> **St. Louis County Revised Ordinances §1209.090.1. Pedestrians Soliciting Rides Or Business.**
> No person shall stand in a roadway for the purpose of soliciting a ride, employment, charitable contribution or business from the occupant of any vehicle.

2

Importantly, the Arkansas law, clearly distinguishable from the ordinances, is content-based, rather than content-neutral on its face. "The governing test is straightforward: if the statute describes speech by content, then it is content based. On the other hand, if the regulation bans all speech, regardless of content, then it is content neutral." *Id.* at 934. The restrictions applied by the subject solicitation ordinances are completely independent of the communicative content expressed by the broad range of solicitors effected.  "A regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others." *Josephine Havlak Photographer, Inc. v. Vill. Of Twin Oaks,* 864 F.3d 905, 914 (8th Cir. 2017)(quoting *Ward v. Rock Against Racism,* 491 U.S. 781, 791).  Similarly, in *Traditionalist American Knights of the Klu Klux Klan v. City of Desloge, Missouri,* 2016 WL 705128 (E.D.Mo. 2016).

Plaintiff requests that the district court prevent the entire St. Louis County Police force from enforcing the law against anyone, anywhere, at any time based on the alleged harm faced by one individual.  *Reprod. Health Servs. of Planned Parenthood of the St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139, 1145 (8th Cir. 2005) (vacating a preliminary injunction that "went beyond what was needed to protect [the plaintiffs] from the ... threat of irreparable injury shown").  A preliminary injunction of *any* scope is "an extraordinary remedy," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), and before granting one, a district court is required to consider and weigh several factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this

3

harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).[3]

An order preventing the County from enforcing its law against thousands of potential violators is a significant encroachment on its police powers and should not be granted. *See, New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351, 98 S.Ct. 359, 54 L.Ed.2d 439 (Rehnquist, Circuit Justice 1977) (staying a statewide injunction and noting that "any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury"); *cf. Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 733 (8th Cir. 2008) (en banc) (recognizing the need for "an appropriately deferential analysis" before "thwart[ing] a state's presumptively reasonable democratic processes").

### III.   CONCLUSION

For all of the reasons explained above, Defendant respectfully requests that this Court deny Plaintiff's "renewed" motion for preliminary injunction, and for whatever further relief this court deems just and proper.

---

[3] As the dissent in *Rodgers v. Bryant*, No. 17-3219, 2019 WL 5778342 (8th Cir. November 6, 2019), aptly stated: "a universal preliminary injunction potentially injures Arkansas, its citizens, and the overall public interest."

4

Respectfully Submitted,

**BETH ORWICK
COUNTY COUNSELOR**

/s/ Linda S. Levin_____
Linda Suzann Levin     #31569 MO
Associate County Counselor
Office of the County Counselor
St. Louis County Government Center
41 S. Central, Ninth Floor
Clayton, MO 63105
(314)615-7042 tel. (314)615-3732 fax
LLevin@stlouisco.com

*Attorneys for Defendant St. Louis County, Missouri.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 18, 2019, a true and accurate copy of the foregoing was filed and served via the Court's electronic filing system and by regular U.S. Mail, Postage Prepaid, upon all of the following counsel of record: Hugh A Eastwood Attorney for Plaintiff, 7911 Forsyth Blvd., Suite 300, Clayton, MO. 63105-3825, hugh@eastwoodlawstl.com; W. Bevis Schock, Attorney for Plaintiff, 7777 Bonhomme Avenue, Suite 1300, St. Louis, MO 63105, wbschock@schocklaw.com.

                                               /s/Linda S. Levin
                                               Linda S. Levin