UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT FERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-01638-SNLJ |
| ) | |
| ST. LOUIS COUNTY, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

**Plaintiff's Reply to Defendant's Memorandum in Opposition
to Plaintiff's Renewed Motion for Immediate Entry of Preliminary Injunction**

Plaintiff Robert Fernandez, by counsel W. Bevis Schock and Hugh A. Eastwood, states for his Reply to Defendant's Memorandum in Opposition [Doc. # 31] to Plaintiff's Additional Memorandum [Doc. # 28] in support of Plaintiff's Renewed Motion for Immediate Entry of Preliminary Injunction [Doc. # 23]:

**Background**

Fernandez is a homeless person whom St. Louis County has been prosecuting for begging.  Fernandez filed this suit asking this court to enjoin the County's solicitation and vagrancy ordinances and to award him damages.  Along with the Complaint, [Doc. # 1], Fernandez filed a Motion for Preliminary Injunction, [Doc. # 3].  The court granted the Motion for Preliminary Injunction in part regarding the vagrancy ordinance, but has not ruled on Plaintiff's Motion for Preliminary Injunction regarding the two solicitation ordinances.  (During a conference call early in the case on October 19, 2019 the court indicated that it thought the issues related to a preliminary injunction were "bound up" with the factual issues in the case, and the court indicated it was inclined to take the preliminary injunction with the trial).

After the Eighth Circuit issued *Rodgers v. Bryant*, 942 F.3d 451 (8th Cir. November 6, 2019), affirming a statewide preliminary injunction against an Arkansas anti-loitering statute on what are in all material respects the same facts involving homeless beggars, on November 12, 2019 Plaintiff filed his renewed Motion for Preliminary Injunction, [Doc. # 23].  The court has also not ruled on that Motion.

On January 22, 2020 Fernandez filed his Additional Memorandum drawing the court's attention to the fact that Fernandez is still getting cited and arrested under the solicitation ordinances.

The Additional Memorandum explained that Fernandez moved the St. Louis County Municipal Court to dismiss the citations.  After oral argument on that motion, the parties submitted a memorandum and stipulation dated October 29, 2019 that stated in relevant part:

> The parties and the Court agree that Defendant's motion shall be a continuing and standing motion as to all pending and future citations under County Code Sections 804.050 [the solicitor licensing ordinance] and 1209.010 [the roadway solicitation ordinance].

[Doc. # 28-1]

As this Court can see, counsel for the parties all signed the document and the Municipal Court entered the stipulation by signing and dating it under the words "So Ordered."  The Municipal Court Judge later dismissed all the charges then pending against Fernandez.

Nevertheless, Fernandez continues to suffer citations and arrests.  Particularly, in the last few weeks, long after the St. Louis County Municipal Court Judge dismissed the pending charges (and, Fernandez argues, future charges), Fernandez has been subject to two full custodial arrests for begging, resulting in several hours in jail for violations of the solicitation ordinances.

The County has filed a response to Plaintiff's Additional Memorandum, [Doc. # 31].  This is Fernandez's Reply to that Response.

2

**Discussion**

The County's Response denies the prospective nature of the Municipal Court's dismissal order. Fernandez respectfully suggests that is incorrect, and refers to the above quoted language.

The County also argues, at p. 2 of its opposition [Doc. # 31], that the reasoning for the dismissal is unknown. But it is well-settled Missouri law that a motion to dismiss can be sustained only on the grounds raised in the motion. *Travelers Prop. Cas. Co. of Am. v. Manitowoc Co.,* 389 S.W.3d 174, 176 (Mo. banc 2013); *Foster v. State,* 352 S.W.3d 357, 359 (Mo. banc 2011). The First Amendment arguments raised by Fernandez to the Municipal Court in his Missouri Rule 37.51(b)(2) motion to dismiss for defect in the institution of prosecution are in all relevant respects the same as those raised by Fernandez in this Court, although the relief sought is different: dismissal of a citation as opposed to enjoinment of an ordinance.

Finally, the County asserts that the South County Municipal Court has no jurisdiction under Missouri law to enjoin a municipal ordinance. Fernandez agrees with this proposition and the authorities cited by the County. That is why Fernandez has renewed his motion to enjoin the two solicitation ordinances in this Court.

The critical issue is that an immediate preliminary injunction is needed in order to stop St. Louis County from arresting Plaintiff pursuant to two unconstitutional ordinances, particularly in light of the recent Eighth Circuit decision in *Rodgers*.

Fernandez suggests that the court's thought that the preliminary injunction can wait to be heard with a consolidated trial on the merits is contradicted by Fernandez's ongoing arrests.

WHEREFORE Plaintiff Robert A. Fernandez renews his motion for preliminary injunction as to St. Louis County Code Chapter 804 (Count I of his Complaint), and Code Section 1209.090.1 (Count II of his Complaint), and for such other relief as may be just, meet and reasonable.

3

Respectfully submitted,

Co-Counsel for Plaintiff

   /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO 63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

   /s/ Hugh A. Eastwood   .
Hugh A. Eastwood, 62058MO
Attorney at Law
7911 Forsyth Blvd., Ste. 300
St. Louis, MO 63105
hugh@eastwoodlawstl.com
Fax:    314-863-5335
Vox:    314-809-2343

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2020 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

All counsel of record

   /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO