# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT FERNANDEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.  4:19-CV-01638-SNLJ ) ) |
| ST. LOUIS COUNTY, MISSOURI, | ) ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW Defendant St. Louis County, Missouri ("Defendant"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(c), and hereby moves the Court for entry of Judgment on the Pleadings.  In support of its Motion, Defendant states as follows:

1.   Plaintiff Robert Fernandez has brought this action to challenge on constitutional grounds St. Louis County's Ordinances – namely, Chapter 804, the Peddler and Solicitors Code, and Section 1201.090, "Pedestrians Soliciting Rides or Business."

2.   The pleadings are now closed.  Defendant has filed its Answer to Plaintiff's Complaint.

3.   Defendant is entitled to judgment as a matter of law on Plaintiff's Complaint. Plaintiff's pleadings leave no dispute as to any material fact and establish that Defendant is entitled to judgment as a matter of law. *Ashley County, Ark. V. Pfizer, Inc.* 552 F.3d 659,665 (8th Cir. 2009); *A.S. by and through Schaefer v. Lincoln County R-III Scholl District,* 2019 WL 6875560 (E.D. Mo. 2019).

4.  Plaintiff's constitutional challenge fail on the merits as a matter of law because:

   a.  The constitutional challenge to the County Vagrancy Ordinances (Sections 716.080 and 716.090 is moot, because this Court has issued a preliminary injunction against their enforcement and the County is either repealing or replacing those ordinances.

   b.  Plaintiff is collaterally estopped from challenging the constitutionality of Section 1209.090, because *Association of Community Organizations for Reform Now v. St. Louis County,* 726 F.Supp. 747 (E.D.Mo. 1989); *Association of Community Organizations for Reform Now v. St. Louis County,* 930 F.2d 591 (8th Cir. 1991) is *stare decisis* as to this particular ordinance.

   c.  The Peddlers and Solicitors Code, Chapter 804, is a necessary content-neutral manner restriction regulating activity not speech.

   d.  The ordinances contained in the Peddlers and Solicitors Code are narrowly-tailored and leave open ample alternatives.

   e.  The Peddler and Solicitor Code, and the requirement to be licensed, is uniformly enforced against all individuals, regardless of the reason for the solicitation.

   f.  Plaintiff has not stated a cause of action for Malicious Prosecution.

5.  Defendant's arguments in support of this Motion are set forth more fully in the Memorandum in Support of Defendant's Motion for Judgment on the Pleadings filed contemporaneously herewith.

WHEREFORE, for the reasons set forth herein, as discussed more fully in Defendant's Memorandum in Support of the Motion For Judgment on the Pleadings, which is incorporated herein by reference, Defendant St. Louis County, Missouri moves this Court for judgment on its behalf, and for such other relief as this Court deems just and proper.

Respectfully Submitted,

**BETH ORWICK**
**COUNTY COUNSELOR**

/s/ Linda S. Levin_____
Linda Suzann Levin #31569 MO
Associate County Counselor
Robert C. Moore # 47553 MO
Associate County Counselor
Office of the County Counselor
St. Louis County Government Center
41 S. Central, Ninth Floor
Clayton, MO 63105
(314)615-7042 tel. (314)615-3732 fax
LLevin@stlouisco.com

*Attorneys for Defendant St. Louis County, Missouri.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2020 a true and accurate copy of the foregoing Memorandum In Support Of Motion For Judgment On The Pleadings was filed and served via the Court's electronic filing system upon all counsel of record.

/s/Linda S. Levin
Linda S. Levin